## HAYDOCK *v.* DUNCAN.

40 45
71 320

A bond upon an appeal, executed by the attorney in court of the appellant, was objected to, because the attorney was not authorized to execute it by deed. It was formally ratified by the appellant under seal. It was *held* that the bond was sufficient, and the appeal was sustained.

THIS was an appeal from a decree of the court of probate for this county. The appellee moved to dismiss the appeal, because there was no sufficient bond upon taking the appeal. It appeared that the bond was signed by the attorney in court of the appellant, who was not authorized to sign a bond for his principal by any instrument under seal. The bond was not objected to on any other account. It appeared that before the entry of the appeal, the appellant executed a formal ratification of the bond, by an instrument under seal indorsed upon it.

*Hibbard,* for the appellee. We contend that the appeal, having been taken without a sufficient bond, must be dismissed. The counsel or attorney of a party, merely as such, is not authorized to sign an appeal-bond in the name of his principal. An authority under seal is indispensable. The appeal must be dismissed upon the facts as they stood when the appeal was taken, and before the ratifica-

tion. The ratification makes no difference. If there was no bond at the time the appeal was taken, there is no appeal. By the Revised Statutes (ch. 170) any person aggrieved, &c., may appeal, &c. Such appeal shall be claimed within sixty days, &c. The person appealing shall give bond, with sufficient sureties, to prosecute his appeal, &c. It is no appeal, unless the bond is filed. What is proposed is to appeal now, by a new bond, or one now first made valid and effectual in law. We say that cannot be done. His bond cannot be made a good bond then, by any ratification now. It is but a bond now first made good. The appeal is not to be taken here, but at the probate court. Having failed to make his appeal effectual under the statute, he cannot now file it.

*Ray,* (with *Benton*) for the appellant.

We have furnished a legal and proper ratification of the bond, and we think that is sufficient. The defect arises from a mere error in fact of the attorney, as to his authority. One of the partners had an authority to execute the bond, but was not present. We understand that a ratification is equivalent to a previous authority, and this bond, having been regularly ratified and confirmed, should be regarded the same as if it had been right from the first. The only object of the bond is to furnish the appellee security for his costs, and that purpose is effectually answered by this bond. The case of *Clark* v. *Courser,* 29 N. H. 170, does not decide that there is no appeal, but only that if a bond is not filed and notice given, the appeal will be dismissed.

BELL, C. J. The bond was executed in the name of the appellant, by his attorney in court. It is objected that as such he has no authority to sign and execute a bond. A power to execute a sealed instrument must be under seal, and it has been so held in the case cited by the counsel.

The court is of opinion that a bond executed by an attorney is not absolutely void—a mere nullity—but is at most merely voidable. The appellant may confirm and ratify it ; and he will then be forever estopped to deny that the instrument was legally executed at its date, and has been valid and binding upon him from the beginning. The other side may not object, or may admit the authority, and if the appeal should be prosecuted, no court of justice would permit either the appellant, or his sureties, afterward to deny the authority of the attorney to sign it. If, then, before any objection is made, the bond is ratified, we think the objection is avoided, and the bond being then sufficient, the appeal must be sustained.

*Motion denied.*